IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM M. SCHULZ, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Case No. 4:10-CV-01590 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, | : : : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

September 16, 2010

## I. INTRODUCTION

The instant action was instituted by the plaintiffs, William M. Schulz and Maryann S. Allen,[1] as co-executors of the estate of Mary D. Schultz ("decedent")[2],

---

[1] According to the complaint, William Schulz is a resident of Maryland, while Maryann Allen is a resident of New Hampshire. Id. at 1-2. While the plaintiffs' complaint refers to the residence of the plaintiffs, the citizenship of each party, not the residence, must be considered. See 28 U.S.C. § 1332(a)(1). According to the Court of Appeals for the Third Circuit, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his [or her] true, fixed and permanent home and place of habitation. It is the place to which, whenever [the individual] is absent, he [or she] has the intention of returning.'" McCann v. George W. Newman Irrevocable Trust, 458 F.3d 281 (3d. Cir. 2006) (citing Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

[2] Based upon a reading of the complaint, the citizenship of the decedent is unclear, though the plaintiffs do indicate that the Bucks County Register of Wills granted them letters of administration on August 13, 2008. Id. at 2.

and in their own rights, by the filing of a complaint on July 30, 2010. (Rec. Doc. No. 1).[3] Named as the defendant is the Department of Transportation of the Commonwealth of Pennsylvania ("Commonwealth"). Plaintiffs contend that, on or about August 1, 2008, a car in which the decedent was a passenger was involved in an accident while traveling south on State Highway 2005, Old Route 15, Bloss Township, Tioga County, Pennsylvania. The car, driven by a John J. McCarthy, allegedly slid due to the condition of the road, spun 180 degrees clockwise, slid off the western berm of the road, rolled onto the driver's side of the vehicle, and struck an embankment. Id. at 3.

Plaintiffs include in their complaint two counts: (1) a claim based upon wrongful death (Count I), and (2) a survival action (Count II). Id. at 5-11. Pursuant to each count, plaintiffs seek relief individually and as co-executors of the decedent's estate and damages in an amount exceeding $150,000, plus interest and costs. Id. at 8, 11.

## II. PROCEDURAL HISTORY

On August 12, 2010, this court issued, sua sponte, an order to show cause why the matter should not be dismissed pursuant to Fed. R. Civ. P. 12 for lack of

---

[3] Plaintiffs contend that this court has jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332. Id.

subject-matter jurisdiction. (Rec. Doc. No. 2). In our August 12, 2010 Order, we noted that, pursuant to 28 U.S.C. § 1332(c)(2), in part, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." In addition, complete diversity is required for a federal court to be entitled to exercise diversity jurisdiction over an action. We noted that "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." Owen Equip. & Erection Co. V. Kroger, 437 U.S. 365, 374 (1978). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). Although we indicated that it appeared as though diversity of citizenship for the purposes of § 1332 was lacking, we directed the plaintiffs, if they so chose, to respond to our order to show cause within ten days of the date of our Order. (Rec. Doc. No. 2 at 4-5).

On August 20, 2010, plaintiffs filed a motion to remand the action to state court, with a brief in support. (Rec. Doc. No. 3). With this motion, plaintiffs appeared to concede this court's lack of subject-matter jurisdiction, noting that, "[i]n accordance with the Court's review, Plaintiffs file the within Motion to Remand this matter to state court." Id. at 2. However, with this motion, plaintiffs also sought the remand of this action to the Court of Common Pleas of Lycoming

3

County pursuant to 28 U.S.C. § 1447(c), as the accident occurred in Lycoming County.  Id. at 7 (arguing that, "[d]ue to the lack of diversity, Plaintiffs' [sic] respectfully request that this matter be remanded to the Court of Common Pleas of Lycoming County").  Plaintiffs appear to be concerned that, as the statute of limitations on the underlying action allegedly has passed since of the filing of the complaint in this court, a remand to the proper state court is required.  See id. at 2.

In response to the plaintiffs' motion to remand, the defendant filed a brief in opposition.  (Rec. Doc. No. 5).  In its opposition brief, the defendant contends that, because the instant action was initially filed in the Middle District of Pennsylvania, the remand procedure pursuant to § 1447(c) is inapplicable; in essence, as the action was not removed from a state court to this court, the action cannot be remanded to a state court if this court cannot properly exercise subject-matter jurisdiction.  Id. at 2.  Defendant also appears to concede that this court is without subject-matter jurisdiction.  Id. at 3 (noting that, "although plaintiffs seem to recognize that this action should have been filed in state court, the appropriate remedy in this court is to dismiss the action for lack of subject-matter jurisdiction").

On August 24, 2010, the defendant filed a motion to dismiss the complaint, with a brief in support.  (Rec. Doc. Nos. 6 and 7).  The defendant argues that

4

dismissal of the complaint is appropriate because the Commonwealth is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. (Rec. Doc. No. 7 at 2-5).

Plaintiffs filed a response to the defendant's motion to dismiss on September 7, 2010, with a brief in support. (Rec. Doc. No. 8). In this response, plaintiffs concede that diversity does not exist and request "that the Complaint be dismissed without prejudice and that this Honorable Court grant leave of Court for this matter to be transferred to the Court of Common Pleas of the Commonwealth of Pennsylvania, in accordance with to [sic] 42 Pa.C.S. § 5103." Id. at 1.

### III. DISCUSSION

We agree with both parties that this court does not have subject-matter jurisdiction over the present action, as diversity of citizenship among the parties is lacking. Therefore, we will dismiss the action without prejudice and will deny as moot the defendant's motion to dismiss the complaint because the Commonwealth is entitled to immunity pursuant to the Eleventh Amendment.

As the plaintiffs appear to have filed the instant action just before the running of the applicable statute of limitations, the issue of timely filing an action in the proper state court is of utmost importance. Although today we dismiss the plaintiffs' claims for lack of subject-matter jurisdiction, plaintiffs are free to re-file

their complaint in the proper state court.  See 42 Pa.C.S. § 5535; 42 Pa.C.S. § 5103 (outlining the proper procedure for, inter alia, the filing of an action in state court after the action was originally filed in federal court).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM M. SCHULZ, et al., :
:
    Plaintiffs, : Civil Case No. 4:10-CV-01590
:
v. : (Judge McClure)
:
COMMONWEALTH OF :
PENNSYLVANIA, DEPARTMENT OF :
TRANSPORTATION, :
:
    Defendant. :

**ORDER**

September 16, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Pursuant to the agreement of the parties, the instant action is **DISMISSED**, without prejudice, for the lack of subject-matter jurisdiction in light of the absence of diversity of citizenship among the parties. See Fed. R. Civ. P. 12(h).

2. The defendant's motion to dismiss the complaint because of the defendant's Eleventh Amendment immunity is **DENIED** as moot, in light of this court's determination that the instant matter should be

dismissed for lack of subject-matter jurisdiction. (Rec. Doc. No. 6).

3. The plaintiffs' motion to remand is similarly denied. (Rec. Doc. No. 3).

4. The clerk is directed to close the file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge